UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRVING CHARLES HUMPHREY,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTINA CARR, et al.,<br><br>Defendants. | Case No. CV 13-7581 DDP(JC)<br><br>ORDER DISMISSING SECOND AMENDED COMPLAINT WITHOUT LEAVE TO AMEND |

## I.  BACKGROUND AND SUMMARY

On October 29, 2013, plaintiff, Irving Charles Humphrey ("plaintiff"), who is in custody in the Northern District of California, is proceeding *pro se*, and has paid the filing fee, filed a Civil Rights Complaint ("Original Complaint") pursuant to 42 U.S.C. § 1983 ("Section 1983") against multiple defendants.[1]

---

[1] Specifically, plaintiff sued the following defendants:  (1) Los Angeles County Assistant District Attorney Christina Carr (official and individual capacity); (2) former Los Angeles County District Attorney John Van de Kamp (official capacity); (3) "Instantcheckmate.com"; (4) California Department of Justice, Attorney General Kamala D. Harris (official capacity); and (5) California Department of Corrections and Rehabilitation Secretary Dr. Jeffrey Beard (official capacity).  (Original Complaint at 3-4).

1

On November 19, 2013, the assigned United States Magistrate Judge ("Magistrate Judge") screened and dismissed the Original Complaint and granted plaintiff leave to file a First Amended Complaint.[2] (Docket No. 8).

On December 6, 2013, plaintiff filed a First Amended Complaint which sued only Los Angeles County Assistant District Attorney Christina Carr in her individual capacity and sought monetary relief. On January 21, 2014, the Magistrate Judge screened and dismissed the First Amended Complaint with leave to amend because defendant Carr was absolutely immune from liability for the monetary damages plaintiff sought and, in any event, the First Amended Complaint was frivolous and/or failed to state a viable Section 1983 claim.

On February 6, 2014, plaintiff filed the operative Second Amended Complaint ("SAC") with attached exhibits ("SAC Ex."), which again sues only defendant Carr in her individual capacity and seeks monetary relief. (SAC at 3, 6). The Second Amended Complaint alleges that defendant Carr, a prosecutor on a 1980 criminal case against plaintiff, unconstitutionally defamed plaintiff in violation of the Fourteenth Amendment by intentionally altering the records of plaintiff's conviction to falsely reflect that plaintiff had been convicted of sexual assault of a minor, and releasing the false conviction information which was subsequently posted on the Internet – something which has resulted in plaintiff being ridiculed, insulted, shunned, avoided and physically attacked by other inmates. (SAC at 5-5a). The Second Amended Complaint fails to correct most, if

---

[2] As explained in detail in the November 9, 2013 order, the Original Complaint was deficient because, among other things: (1) it violated Rule 10 of the Federal Rules of Civil Procedure; (2) it failed to state a cognizable Section 1983 claim against private entity Instantcheckmate.com; (3) it failed to state viable official capacity Section 1983 claims against defendants Carr, Van de Kamp, Harris, Beard because such claims were barred by the Eleventh Amendment; and (4) it failed to state a viable Section 1983 claim against defendant Carr in her individual capacity in part because she was absolutely immune from suit and in part because plaintiff alleged only non-actionable damage to his reputation.

not all, of the deficiencies which the Magistrate Judge identified in the First Amended Complaint.

Based upon the record and the applicable law, and as further discussed below, this Court now dismisses the Second Amended Complaint without leave to amend and directs that judgment be entered accordingly because, even though plaintiff has twice amended his complaint, he still has been unable to state a viable claim and it appears that any further amendment would be futile.

## II.   THE SECOND AMENDED COMPLAINT[3]

Liberally construed, the Second Amended Complaint alleges the following:

In 1980, plaintiff was convicted in Los Angeles Municipal Court Case No. A355451 ("plaintiff's criminal case") of "having sexual intercourse with a 34 year old female while she resisted," a violation of "[California] Penal Code [section] 288A(C). . . ." (SAC ¶ 1; see SAC Ex. 1 at 2, 5). When plaintiff committed the crime, both he and the victim were 34 years of age. (SAC ¶ 1).

Defendant Carr, a prosecutor on plaintiff's criminal case, subsequently acted "outside [her] official duty [sic]" and intentionally altered the records of the conviction in plaintiff's criminal case to misrepresent that plaintiff had been convicted of violating "[California] Penal Code Section 288a(c) which has to do with [sexual assault] of a minor under the age of 14," instead of what the records should have reflected, specifically "violation [of California Penal Code] section 288A(C)," and then caused the false information to be posted on the Internet. (SAC ¶¶ 5, 7; SAC Ex. 2 at 5-10).

Shortly after plaintiff arrived in state prison, other inmates began ridiculing plaintiff and making death threats against him, and on several occasions plaintiff was shoved to the ground and referred to as a "child molester." (SAC ¶ 2).

---

[3]Plaintiff's non-conclusory factual allegations are presumed to be true. All references to the Penal Code pertain to the California Penal Code.

Although plaintiff denied being a child molester, the threats and ridicule continued. (SAC ¶ 2).

On January 25, 2013, one of plaintiff's family members alerted plaintiff that erroneous information about his criminal conviction had been posted on the Internet. (SAC ¶ 3). Specifically, the web site "Instantcheckmate.com" listed plaintiff's crime "as a [California] Penal Code Section 288a(c) violation," instead of the crime for which plaintiff was actually convicted – *i.e.* "[violation of California] Penal Code Section 288A(C). . . ." (SAC ¶ 3; SAC Ex. 1 at 5; SAC Ex. 2 at 1, 5-10).

According to plaintiff, Penal Code Section 288a(c) (with lower case "a" and "(c)") "has to do with sex with a minor under the age of 14," while Penal Code Section 288A(C) (upper case "A" and "(C)") does not. (SAC ¶¶ 4-5). Due to the "sensitivity" of a conviction for sexual assault of a minor under Penal Code section "288a(c)," inmates who are convicted of such a crime "are viciously attacked on [a] daily basis" in prison. (SAC ¶ 6). Thus, plaintiff continued to be subjected to hostilities by fellow inmates who learned of the erroneous internet posting. (SAC ¶¶ 2, 4, 6-7).

Defendant Carr's "defamation" of plaintiff violated plaintiff's rights under the Fourteenth Amendment to be free from defamation to plaintiff's character. (SAC at 5; SAC ¶ 7).

Plaintiff suffered and continues to suffer unspecified physical and emotional injuries as a result of defendant Carr's actions. (SAC at 5; SAC ¶ 7).

### III.  LEGAL STANDARDS

#### A.  The Screening Requirement

As plaintiff is a prisoner proceeding on a civil rights complaint naming governmental defendants, the Second Amended Complaint must be screened, and the case must be dismissed at any time the Court concludes that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or

seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915A.

In determining whether a complaint fails to state a claim for purposes of screening under 28 U.S.C. § 1915A(b)(1), the Court applies the same pleading standard from Rule 8 of the Federal Rules of Civil Procedure ("Rule 8") as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)").  See Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) ("Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under [Rule] 12(b)(6).") (citations omitted).  Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]"  Fed. R. Civ. P. 8(a)(2).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Id.  (quoting Twombly, 550 U.S. at 570).  "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'"  Id. (quoting Twombly, 550 U.S. at 557).  Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.  Id.  Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id. (quoting Twombly, 550 U.S. at 555).

Especially in civil rights cases, a *pro se* plaintiff's pleadings are liberally construed to afford the plaintiff "the benefit of any doubt."  Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)) (internal quotation marks omitted).  If, however, a

court finds that a *pro se* complaint has failed to state a claim, dismissal may be with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc). *Pro se* plaintiffs should be permitted leave to amend unless it is absolutely clear that the complaint's deficiencies cannot be cured. Id. at 1130-31. Nonetheless, liberality in granting leave to amend "is subject to several limitations" including "undue prejudice to the opposing party, bad faith by the movant, futility, and undue delay." Cafasso v. General Dynamics C4 Systems, Inc., 637 F.3d 1047, 1058 (9th Cir. 2011) (citations and internal quotation marks omitted). A district court also enjoys broad discretion to deny leave to amend if a plaintiff has previously amended the complaint. Id.

### B. Section 1983 Claims

To state a federal civil rights claim under Section 1983, a plaintiff must plead two elements: (1) that the defendant acted under color of state law; and (2) that the defendant caused the plaintiff to be deprived of a right secured by the federal constitution or laws. Johnson v. Knowles, 113 F.3d 1114, 1117 (9th Cir. 1997), cert. denied, 522 U.S. 996 (1997). A person deprives another of a constitutional right, within the meaning of Section 1983, if the person does an affirmative act, participates in another's affirmative acts, or omits to perform an act which the person is legally required to do that causes the deprivation of which the plaintiff complains. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted). The requisite causal connection can be established not only by some kind of direct personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury. Id. at 743-44.

### C. Fourteenth Amendment – Defamation "Plus"

In California, defamation includes any "false and unprivileged [written] publication . . . which exposes any person to hatred, contempt, ridicule, or obloquy, or which causes him to be shunned or avoided, or which has a tendency to injure

him in his occupation." Cal. Civ. Code §§ 44, 45.  To be actionable, an allegedly defamatory statement must, among other things, "contain a provably false factual connotation." Gilbrook v. City of Westminster, 177 F.3d 839, 861 (9th Cir.) (quoting Milkovich v. Lorain Journal Co., 497 U.S. 1, 20 (1990)), cert. denied, 528 U.S. 1061 (1999).  A complaint must specifically identify and plead the substance of an alleged defamatory statement.  See Jacobson v. Schwarzenegger, 357 F. Supp. 2d 1198, 1216 (C.D. Cal. 2004).

However, an injury to reputation is not a liberty or property interest protected by the due process clause of the Fourteenth Amendment and accordingly, damage to reputation alone is not actionable under Section 1983.  Paul v. Davis, 424 U.S. 693, 703 (1976).  A Section 1983 defamation claim may lie if a plaintiff was stigmatized in connection with the denial of a "more tangible" interest.  Hart v. Parks, 450 F.3d 1059, 1069 (9th Cir. 2006) (quoting Paul, 424 U.S. at 701-02). This is known as the "stigma-plus" or "defamation-plus" test, and can be satisfied in two ways.  Id. at 1070; Herb Hallman Chevrolet, Inc. v. Nash-Holmes, 169 F.3d 636, 645 n.3 (9th Cir.), cert. denied, 528 U.S. 870 (1999).  The plaintiff must show either (1) the injury to his reputation was inflicted *in connection with* the deprivation of a federally protected right; or (2) the injury to reputation *caused* the denial of a federally protected right.  Hart, 450 F.3d at 1070 (emphasis in original); Herb Hallman Chevrolet, Inc., 169 F.3d at 645.

IV. **DISCUSSION**

Here, the allegations in the Second Amended Complaint are insufficient to state a viable Section 1983 individual capacity claim against defendant Carr.

To the extent plaintiff alleges that defendant Carr falsified plaintiff's conviction records while Carr was a prosecutor on plaintiff's criminal case, defendant Carr is absolutely immune from liability for damages based on such alleged misconduct.  See Imbler v. Pachtman, 424 U.S. 409, 430 (1976) (A prosecutor is entitled to absolute immunity from a Section 1983 action for damages

7

when he or she performs a function that is "intimately associated with the judicial phase of the criminal process."); Demery v. Kupperman, 735 F.2d 1139, 1144 (9th Cir. 1984) ("[P]rosecutors are absolutely immune from civil suits alleging wrongdoing with regard to post-litigation as well as pre-litigation handling of a case."), cert. denied, 469 U.S. 1127 (1985). Prosecutors are not entitled to immunity for misconduct that is "wholly unrelated to or outside of their official duties," see, Bly-Magee v. State of California, 236 F.3d 1014, 1018 (9th Cir. 2001), or for defamatory statements published after a criminal proceeding has terminated unless the statements published gave legal effect to the judicial proceeding, Buckley v. Fitzsimmons, 509 U.S. 259, 277 n.8 (1993). Here, plaintiff's conclusory allegations that defendant Carr's "intentional act" was "outside [her] official duty" and "did not give legal effect to the judgement" (SAC at 5; SAC ¶ 5) are insufficient to deny prosecutorial immunity. See Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992) ("Vague and conclusory allegations of official participation in civil rights violations are not sufficient" to state a claim under Section 1983) (quoting Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982)); see also Iqbal, 556 U.S. at 681 (conclusory allegations in complaint which amount to nothing more than a "formulaic recitation of the elements" are insufficient under Rule 8 pleading standard) (citations omitted).

To the extent prosecutorial immunity arguably does not apply, plaintiff's defamation-plus claim against defendant Carr is, nonetheless, subject to dismissal because it is frivolous and, in any event, fails to state a viable Section 1983 claim. A claim is "frivolous" when it lacks an arguable basis either in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989), superseded by statute on other grounds as stated in Lopez, 203 F.3d at 1126-27; see also Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005) ("[A] case is frivolous if it is 'of little weight or importance: having no basis in law or fact.'") (citations omitted). Here, the gravamen of plaintiff's claim is that (1) defendant Carr improperly altered plaintiff's criminal

8

records to erroneously reflect that plaintiff had been convicted of child sexual assault rather than the actual crime of conviction (*i.e.*, "[forced] sexual intercourse" with an adult); (2) defendant Carr caused the false information to be posted on the Internet; and (3) as a result, plaintiff was ridiculed, attacked, and in danger of being killed by other inmates. (SAC ¶¶ 2, 4-6; SAC Ex. 2 at 5-10). As alleged, however, plaintiff's claim lacks an arguable basis in either law or fact.

First, plaintiff's allegation that defendant Carr altered his conviction record – *i.e.*, from violation of "[California] Penal Code section 288A(C)" (upper case "A" and "(C)") to violation of "[California] Penal Code section 288a(c)" (lower case "a" and "(c)") (SAC at 5-5a) – is belied by the exhibits attached to the Second Amended Complaint which reflect that the felony complaint from plaintiff's criminal case and the challenged Internet posting both refer to plaintiff's crime of conviction with lower case letters. (Compare SAC Ex. 1 at 2 [Felony Complaint charging plaintiff with "VIOLATION OF SECTION 288a(c)(2)"] with SAC Ex. 2 at 5 [Instantcheckmate.com web site noting plaintiff was "charged with [Penal Code section] 288a(c)"]); cf. Mitan v. Feeney, 497 F. Supp. 2d 1113, 1124 (C.D. Cal. 2007) ("A court is 'not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint.'") (quoting Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1295-96 (9th Cir. 1988)). Even so, such an alteration would be legally inconsequential. Whether capitalized or not, a citation to California Penal Code Section 288a(c) refers to a single statutory section which criminalizes "oral copulation" when, among other things, it is "accomplished against the victim's will" (*i.e.*, plaintiff's crime of conviction), see Cal. Penal Code § 288a(c)(2)(A), or the victim is "under 14 years of age and more than 10 years younger than [the perpetrator]," see Cal. Penal Code § 288a(c)(1).

Second, even assuming, for the sake of argument, that defendant Carr caused a statement about plaintiff's criminal record to be posted on the Internet, the Second Amended Complaint does not plausibly allege that any such statement

1  contained "a provably false factual connotation." Specifically, the
2  "Comprehensive Background Report" on the Instantcheckmate.com web site
3  accurately stated that plaintiff was convicted under Section 288a(c) which, again,
4  outlawed "oral copulation" in several different situations (*i.e.*, involving particular
5  victims and/or circumstances). (See SAC Ex. 2 at 5 [describing "Offense[]
6  288a(c)" as "ORAL COPULATION WITH PERSON UNDER 14/ETC OR BY
7  FORCE/ETC"]) (emphasis added). Plaintiff fails to demonstrate that the statement
8  was "provably false" simply because it did not specify the subsection pursuant to
9  which plaintiff was convicted (*i.e.*, Cal. Penal Code § 288a(c)(2)(A)). In addition,
10 the internet statement cannot be deemed false or defamatory simply because it
11 could be viewed as damaging to plaintiff's reputation if taken out of context. Cf.
12 Crowe v. County of San Diego, 608 F.3d 406, 443 (9th Cir. 2010) ("Defamation
13 actions cannot be based on snippets taken out of context[.]") (citation and
14 quotation marks omitted), cert. denied, 131 S. Ct. 905, 907 (2011).

15      Since the Second Amended Complaint does not plausibly allege that
16 defendant Carr published a statement that was "provably false," plaintiff fails to
17 state a viable Section 1983 claim for defamation-plus against such defendant even
18 assuming she is not entitled to absolute immunity for the conduct in issue.[4] See,
19 e.g., id. at 444 (district court properly granted summary judgment in favor of
20 defendant on plaintiff's defamation-plus claim where published statements were
21 not defamatory as a matter of law) (citation omitted).
22 ///

---

25      [4]To the extent plaintiff is attempting to assert a claim under state law only (*i.e.*,
26 defamation), absent any independent basis of federal subject matter jurisdiction, the Court would
   not have supplemental jurisdiction to hear such a state law claim. See 28 U.S.C. § 1367; Critney
27 v. National City Ford, Inc., 255 F. Supp. 2d 1146, 1148 (S.D. Cal. 2003) ("A district court may
   exercise supplemental jurisdiction over pendent state claims only if it possesses original
28 jurisdiction over a related federal cause of action.").

Accordingly, plaintiff's claim against defendant Carr – the only remaining defendant – must be dismissed.

## V. THE SECOND AMENDED COMPLAINT IS DISMISSED WITHOUT LEAVE TO AMEND

Since plaintiff has already amended his complaint twice, but has been unable to state a viable claim based on essentially the same factual allegations, it appears that any further amendment would be futile. Accordingly, dismissal is without leave to amend. See Cafasso, 637 F.3d at 1058 (district courts enjoy "particularly broad" discretion to deny leave to amend where plaintiff previously amended complaint).

## VI. ORDER

IT IS THEREFORE ORDERED that the Second Amended Complaint is dismissed without leave to amend.[5] The Clerk is directed to enter judgment accordingly.

DATED: September 11, 2014

_____

HONORABLE DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE

---

[5] Nothing in this Order precludes plaintiff from asserting an Eighth Amendment failure to protect claim against prison officials in a new action in the district in which he was allegedly attacked (presumably the Northern District of California where he has been incarcerated since the inception of this action).